IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Petitioner, | : | Civil Action 2:08-cv-176 |
| v. | : | Judge Marbley |
| RONALD L. BOYER, | : | Magistrate Judge Abel |
| Respondent | : | |

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Petitioner, | : | Civil Action 2:08-cv-177 |
| v. | : | Judge Marbley |
| LEE BOYER & COMPANY, | : | Magistrate Judge Abel |
| Respondent. | : | |

**CERTIFICATION AND RECOMMENDATION**

On September 14, 2007, the Internal Revenue Service issued two summonses to Ronald L. Boyer, directing him to appear before an IRS officer on October 2, 2008. One summons was issued to him in his personal capacity, the other in his capacity as custodian of records for Lee Boyer & Company. The personal subpoena required him to appear:

> to give testimony and to bring for examination the following information related to the tax liability of the person identified above for the periods

1

shown:

All documents and records you possess or control about income you received for the years: 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005 and 2006

These records and documents include, but are not limited to: Forms W-2 (Wage and Tax Statement), Forms 1099 for interest and dividend income, exmployee earnings statements, and records of deposit with banks or other financial institutions.

Also include all other books, records, documents and receipts for income from, but not limited to, the following sources: wages, salaries, tips, fees, commissions, interest, rents, royalties, alimony, state or local tax refunds, annuities, life insurance policies, endowment contracts, pensions, estates, trusts, discharge of indebtedness, distributive shares of partnership income, business income, gains from dealings in property, and any other compensation for services (including receipt of property other than money). Include all documents and records about any income you assigned to any other Person or entity.

The subpoena for Lee Boyer & Company required him:

to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All books, records, papers and other data in the possession or control of the LEE BOYER & COMPANY, pertaining to the operation of the LEE BOYER & COMPANY, for its (calendar or fiscal) year(s) ended 1995, 1996, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005 and 2006, and reflecting the receipt or accrual of all expenses of the operation of LEE BOYER & COMPANY, including, but not limited to, all corporate bank account records, including deposit tickets, canceled checks, debit and credit memos, statements of account, check registered, saving account passbooks, and records of certificate of deposit; all financial statements, including balance sheets and income statements, all accounting records, including general journals and ledgers; all stock books and records, minutes of board of directors and shareholders meetings and articles of

incorporation and amendments thereto; all records of loans made and dividends paid to shareholders and shareholder's loans to the LEE BOYER & COMPANY; and any and all books, records, documents, receipts, invoices, bills, canceled checks, ledgers and journals regarding expenses or expenditures of the LEE BOYER & COMPANY; and any and all other books, records, documents, and receipts regarding income from the operation of the LEE BOYER & COMPANY; compensation for goods and services, including fees and commissions, gains derived from dealing in property, interest, rentals, royalty, and dividend income, and income from the discharge of indebtedness, so that Federal Corporation Income Tax Return(s), Form(s) 1120, for the (calendar or fiscal) year(s) ended 1995, 1996, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005 and 2006 (for which years no return have been made) may be prepared. A blank Federal Corporation Income Tax Return is attached hereto as a guide to the production of the necessary books, records, and documents.

Mr. Boyer did not appear in response to these subpoenas, and on February 25, 2008, Petitioner the United States of America filed the two above-captioned petitions to enforce IRS summonses (Docs. 2/2). On March 3 and March 11, 2008, the Magistrate Judge issued orders to show cause, ordering Mr. Boyer to appear before him on April 7, 2008 to show cause why he should not be compelled to comply with the summonses (Docs. 3/4).

After the April 7, 2008 hearing, at which Mr. Boyer did not appear, the Magistrate Judge ordered him to appear on May 7, 2008 at 200 North High Street, Columbus, Ohio, and produce the books and records demanded (Docs. 9/9). Mr. Boyer did not appear at the May 7, 2008 meeting either. On September 25, 2008, Petitioner filed a motion to hold him in contempt (Docs. 13/13). The Magistrate Judge ordered that Mr. Boyer appear for a hearing on Petitioner's motion on October 21, 2008 (Docs. 15/15). The hearing was held on October 21, 2008; Mr.

Boyer appeared *pro se*.

The Court has the authority "to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons." 26 U.S.C. §7604(b); *See*, *Shillitani v. United States*, 384 U.S. 364, 370 (1996); *United States v. Riewe*, 676 F.2d 418, 420 (10th Cir. 1982); 18 U.S.C. §401(3). At the October 21, 2008 hearing, Petitioner failed to present evidence to explain or justify his failure to produce the requested information. *United States v. Rylander*, 460 U.S. 752, 756-757 (1983). He is thus in contempt of court.

Accordingly, I hereby **CERTIFY** to the District Judge, for purposes of 28 U.S.C. §636(e)(6)(B)(iii), the above facts. I **RECOMMEND** that the District Judge order Ronald L. Boyer to **SHOW CAUSE** why he should not be held in contempt. A hearing for that purpose will be held before the Honorable Algenon L. Marbley in Courtroom One, Room 331, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio, at **8:30 AM on Wednesday, November 12, 2008.**

Respondent raised several arguments at the October 21, 2008 hearing, including claims that federal law bars the IRS from conducting an audit of more than one tax year simultaneously, that Petitioner is barred from seeking records from earlier than three years prior under a statute of limitations, or that Petitioner is really demanding that Respondent produce income tax returns which he cannot prepare without documents provided by Petitioner. Respondent **MAY FILE** written objections to this Certification and Recommendation within 10 (ten) days of the date

4

of entry. If Mr. Boyer files objections to this Certification and Recommendation, Judge Marbley will consider the objections at the November 12 hearing.

Alternately, Respondent may give testimony and produce the materials requested in the September 27, 2008 Summonses on or before November 10, 2008. Should he contact Assistant United States Attorney Bethany J. Hamilton, 303 Marconi Blvd., Ste. 200, Columbus, Ohio 43215, (614) 469-7515, schedule an appointment with the Revenue Officer to produce the requested documents and provide testimony about his tax liabilities, and in fact provide such documents and testimony on or before November 10, 2008, then the show cause hearing will be **CANCELLED** upon notification to the Magistrate Judge.

s/Mark R. Abel
United States Magistrate Judge
